UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME SANCHEZ, DAVID LOYD, and STEVEN STOGRIN, Individually and on Behalf of All Others Similarly Situated, | * * * | CASE NO. 2:17-CV-00102 |
| v. | * * | JUDGE NELVA GONZALES RAMOS |
| SCHLUMBERGER TECH. CORP., | * * * | MAGISTRATE JUDGE JASON B. LIBBY |

**DEFENDANT'S LIMITED OBJECTIONS TO MEMORANDUM AND RECOMMENDATION OF THE MAGISTRATE JUDGE REGARDING HIS:**

**I.   RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WILLFULNESS, AND**

**II.  RECOMMENDATION THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES IS NOT MOOT**

**NOW INTO COURT**, through undersigned counsel, comes Schlumberger Technology Corporation ("STC" or "Defendant"), and, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72 of the Federal Rules of Civil Procedure, respectfully enters its limited objections to the Memorandum and Recommendation of the Magistrate Judge. (Rec. Doc. 190)

As an initial matter, Defendant <u>does not object</u> to the Magistrate Judge's well-reasoned recommendation to grant its Motion to Decertify the Collective Action (Rec. Doc. 161). STC does object to Magistrate Judge's analysis and conclusions regarding (I) Defendant's Motion for Partial Summary Judgment on Willfulness (Rec. Doc. 160), and (II) Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. 122.)

1

**I.     The Magistrate Judge Erred by Not Granting Defendant's Motion for Partial Summary Judgment on Willfulness.**

The Magistrate Judge erred when he determined that Plaintiffs had provided sufficient evidence to create a "genuine issue of material fact regarding whether Defendant knew it was violating the FLSA or recklessly disregarded a potential violation." (Rec. Doc. 190, at p. 20.) To reach this conclusion, the Magistrate Judge noted the following:

a) "Defendant has provided evidence to establish the absence of willfulness, specifically that it relied on the staffing agencies and their management services provider to comply with the FLSA and their contractual obligations when classifying the majority of Plaintiffs as exempt."

b) "[Defendant] has further provided that specific inquiries were made to several Plaintiffs relevant to whether they were exempt under the FLSA."

c) "Plaintiffs have presented evidence showing Defendants have previously litigated 'closely related overtime issues' as early as July 2014, also involving DDs and MWDs alleging they were misclassified as except employees and paid a day rate."[1] From Plaintiff's Opposition the case that the Magistrate Judge is referring to appears to be *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-2267 (W.D. La.). (Rec. Doc. 177 at p. 10.)

d) This lawsuit was filed on March 16, 2017.

e) From the previous litigation involving DDs and MWDs, "*it is possible* that Defendants had knowledge they were violating the FLSA at the time they classified the Plaintiffs in this action."

(Rec. Doc. 190, at p. 20) (citations and internal quotations omitted) (emphasis added).

---

[1] The Magistrate Judge rejected Defendant's argument that "the previous cases were settled and are therefore inadmissible in their entirety as evidence" ruling that "the fact that these cases were filed is not necessarily inadmissible." (Rec. Doc. 190, at p. 20). Although Defendant respectfully disagrees with the Magistrate Judge's rejection of its argument that settled cases are inadmissible in their entirety and reserves the right to raise this issue at trial and on appeal, Defendant will accept the Magistrate Judge's conclusion regarding this issue for the sake of this Objection. Nonetheless, the mere fact a lawsuit is filed does not create a genuine issue of material fact sufficient to deny summary judgment. The fact of a lawsuit means nothing on its own and Plaintiffs offer nothing but the fact prior cases have been filed and settled, leaving mere speculation and their guess as to what that fact *could* mean, but speculation and guesswork are not sufficient to avoid summary judgment.

Based on these five points, the Magistrate Judge erred in denying summary judgment on this issue and this Court should grant summary judgment as to the willfulness of Defendant's alleged FLSA violations, because Plaintiffs have not met their burden to defeat summary judgment.

> **i.    Plaintiffs Have the Burden to Produce Evidence Supporting a Finding of a Willful FLSA Violation to Defeat Summary Judgment.**

Plaintiffs bear the burden of proving that an alleged violation of the FLSA was willful. *See, e.g.*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).  "Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir.1995) (internal quotations omitted).  "Once the moving party fulfills this responsibility, the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"  *Id.* (internal citations and quotations omitted).  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (emphasis added).

In *McLaughlin v. Richland Shoe Co.*, the United States Supreme Court held that the standard for willfulness under the FLSA is whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." 486 U.S. 128, 133 (1988). In adopting this standard, the Supreme Court noted that "[t]he willfulness standard is a formidable one because the FLSA's two-tiered statute of limitations 'makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations.'" *Schreckenbach v. Tenaris Coiled Tubes*, LLC, 4:11-CV-4065, 2013 WL 178126, at *11 (S.D. Tex. Jan. 16, 2013) (quoting *Richland Shoe Co.*, 486 U.S. at 132).

### ii. Defendant Has Produced Evidence Showing an Absence of Willfulness.

Here, the Magistrate Judge correctly wrote that "[w]hile it is Plaintiffs' burden to establish willfulness, Defendant has provided evidence to establish the absence of willfulness, specifically that it relied on the staffing agencies and their contractual obligations when classifying the majority of the Plaintiffs as exempt" and that "specific inquiries were made to several Plaintiffs." (Rec. Doc. 190, at p. 20) (citations and internal quotations omitted). Because of that factual finding, Plaintiff's "formidable" burden becomes insurmountable.

Once a defendant has provided evidence that it knew of the FLSA requirements and took action to comply with them, such as relying on specific contract language or inquiring into employees' exempt status, it has not acted willfully, as a matter of law. *See McLaughlin v. Richland Shoe Co.* 486 U.S. 128, 135 n13 (1988) (If the employer makes an inquiry or an effort to comply with the FLSA, if the effort is unreasonable, but not reckless, it is sufficient to preclude a finding of willfulness.); *see also Steele v. Leasing Enter, LTD*. 826 F.3d 237, 248 (5th Cir. 2016) (affirming the district court's finding that the conduct was not willful even though the defendant continued its offset practice for three years after the court issued an interlocutory judgment that

4

defendant may not offset, as that was the only evidence of willfulness and interlocutory orders are not final and subject to change ); *Alawar v. Trican Well Serv., L.P.*, 397 F.Supp.3d 873, 901-02 (W.D. Tex. 2019) (entering summary judgment in defendant's favor on willfulness and noting both that a plaintiff arguing notice by virtue of prior litigation must show that the prior litigation resembles the alleged litigation at hand and the plaintiff must *show actual notice of ongoing FLSA violations).*

Plaintiffs have produced no evidence that Defendant relying on the staffing agencies to comply with their contractual obligations was reckless. Indeed, even if the Court feels that Defendant should not have relied on the staffing agencies to fulfill their contractual obligations to correctly classify the Plaintiffs, such reliance is not "reckless." A party that accepts a contract has an obligation to fulfill the terms of that contract. *Accord TEC Olmos, LLC v. ConocoPhillips Co.*, 555 S.W.3d 176, 183 (Tx. Ct. App. 1st Dist. 2018). Indeed, Plaintiffs have showed no evidence that the staffing agencies failed to fulfill their contractual obligations. Therefore, after finding that STC had produced evidence showing a lack of willfulness, the Magistrate Judge erred in denying summary judgment.

### iii. Plaintiffs Have Not Met Their Evidentiary Burden to Avoid Summary Judgment.

The Magistrate Judge further erred when he recommended that Plaintiffs providing the Court with the name of a previous case constituted evidence that Defendant has previously litigated "closely related overtime issues." (Rec. Doc. 190, at p. 20.) To support this contention, the Magistrate Judge relied on *Sealey v. EmCare, Inc.*, 2013 WL 164040 (S.D. Tex., Jan. 14, 2013, No. 2:11-CV-00120), a decision by this Court. In that case, this Court denied the employer's motion for summary judgment on willfulness based on the following circumstances:

5

1. The defendant did not provide any evidence that they tried to comply or made any inquiry whether they were complying with the FLSA. *Id.; see also Sealey v. EmCare, Inc.*, 2012 WL 8006875 (S.D. Tex., Nov. 20, 2012, No. 2:11-CV-00120, Doc. No. 93) (Motion for Summary Judgment Regarding Willfulness and the Statutes of Limitations filed by Emcare, Inc.).

2. The plaintiffs presented evidence that "Defendants have an expansive knowledge of the FLSA and DOL regulations relating to the payment of overtime to midlevel practitioners of health care." *Sealey*, 2013 WL 164040, at *4.

3. "The evidence also shows that Defendants previously litigated a closely related overtime issue to an unsuccessful outcome." *Id.* This Court had earlier explained how the same employer lost on a very similar issue on the *plaintiff's* motion for summary judgment, which was affirmed by the Fifth Circuit. *Id.* at *2.

Here, *Sealey* is clearly distinguishable from this case based on the facts that this Court carefully laid out. *First*, unlike in *Sealey*, Defendant has provided evidence that it took affirmative efforts to comply with the FLSA. As discussed above, these efforts mean that Defendant's conduct was, at worst, negligent – which means that Defendant is entitled to summary judgment. *Second*, unlike *Sealy*, Plaintiffs have not produced evidence that Defendant has "expansive knowledge" of how the FLSA works with regards to procuring independent contractors from staffing agencies. *Third*, unlike *Sealey*, Defendant did not endure an "unsuccessful outcome" in *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-2267 (W.D. La.) – rather that case was settled as to the MWD class and the DD class remains pending.[2]

After one court rejected a settlement offer as admissible evidence of willfulness in a FLSA case, it explained how *even if* such an offer *was* admissible, it would have "limited probative value":

---

[2] According to Rule 56(c), Plaintiffs were required to cite to "particular parts of materials in the record" to support their factual position. Plaintiffs name-dropping other cases and making conclusory statements about what those cases are about (without even citing documents in *those* cases' records) certainly does not meet this standard. (Rec. Doc. 177 at p. 10.)

> As to the disputed issue of willfulness, the fact of a settlement offer has only limited probative value. It certainly reflects awareness by defendants of the fact that a dancer might make or had made a claim for relief based on an asserted entitlement to minimum wages. Arguably, the fact of such an offer might be said to reflect a determination by defendants that such a claim was non-frivolous, or at least sufficiently likely to result in protracted litigation to merit a settlement offer in the interest of avoiding legal risk and expense.
>
> However, the fact of such an offer is a far cry from an acknowledgment by the Club that it had misclassified dancers. As plaintiffs' counsel are assuredly aware, settlement offers are commonly made where both parties adhere to their positions on the merits, but where settlement nonetheless makes sense as a business matter. That defendants attempted to limit their litigation risk by making these offers does not make it materially more likely that, at the time they classified the dancers as independent contractors, they knew that this was wrongful. This decision could equally reflect a candid awareness that courts could come out either way on this issue, and that it was worth making settlement offers to try to avoid the business risk—as indeed has materialized—presented by allowing a large class action to proceed to summary judgment and verdict.

*Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 286 (S.D.N.Y. 2015) (internal quotations and citations omitted). This reasoning aptly describes why the settlement in *Boudreaux* is distinguished from the litigation that the defendant in *Sealey* had previously lost. Simply put, the Magistrate Judge erred in its reliance on *Sealey* to deny summary judgment.

Moreover, this Court should not extend *Sealey* to include previously settled cases. Public policy encourages settlement. *See Ostrander v. Kosteck*, 358 F.Supp.3d 593, 597-98 (W.D. Tex. 2019) (*citing Ho v, Martin Marietta Corp.*, 845 F.2d 545, 547 n.2 (5th Cir. 1988). Nothing suggests that public policy is otherwise for FLSA actions. Equating the settling of a prior claim to the abandonment of any defense to willfulness would undermine that policy. Such a result would also undermine Congress' intent to make plaintiffs' burden to prove willfulness "formidable." *Richland Shoe Co.*, 486 U.S. at 132. Companies should not have to bear the cost or the risk of litigating FLSA cases to trial, instead of settling for an amount less than the cost of trial, to avoid the risk of an unfair inference on willfulness.

Indeed, based on the Magistrate Judge's recommendations, a law firm could file a suit against a company alleging FLSA violations for *every* position at the company, dismiss that suit, and then file subsequent cases against the same company and never be required to produce any evidence of a willful violation in order to stave off summary judgment. Such a result was not Congress' intent, is inconsistent with Supreme Court precedent, and is not supported by *Sealey*.

Finally, the Magistrate Judge also cites *Villegas v. Dependable Const. Services, Inc.*, 2008 WL 5137321, at *27 (S.D. Tex., Dec. 8, 2008, No. CIV. 4:07-CV-2165) for the proposition that previous cases could show that "it is possible that Defendants had knowledge they were violating the FLSA at the time they classified the Plaintiffs in this action." (Rec. Doc. 190 at p. 20.) However, in *Villegas*, the court made it clear that this possibility only applied to plaintiffs who were classified as exempt *after* the employer had litigated a FLSA suit and had changed its payment methods. Here, Plaintiffs have not made that required showing as to their independent contractor status before *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-2267 (W.D. La.) settled. *See Alawar v. Trican Well Serv., L.P.*, 397 F. Supp. 3d 873, 901 (W.D. Tex. 2019) (Distinguishing the willfulness analysis in *Villegas* because a lawsuit is immaterial to the willfulness analysis relative to job classifications made before the lawsuit was filed, neither party introduced the date the employees began working, and no party disputed that the employees were classified as exempt as of the date the previous lawsuit was filed.). Therefore, the willfulness section of *Villegas* is inapplicable here and the Magistrate Judge erred in applying it.

Moreover, simply suggesting "*it is possible* that Defendants had knowledge they were violating the FLSA at the time they classified the Plaintiffs in this action" does not satisfy the Plaintiffs' formidable burden to avoid summary judgment on willfulness. "It is well settled that the mere possibility of a fact being proven does not protect a party from summary judgment."

8

*Evans v. Shell Oil Co.*, 1992 WL 193544 (E. D. La. August 5, 1992). Plaintiffs must present *competent summary judgment evidence* on the issue of willfulness; speculating as to a possibility adds nothing to Plaintiffs' complaint allegations and is not sufficient to defeat summary judgment. *Nola Spice Designs, LLC*, 783 F.3d at 536 ("Once the moving party fulfills this responsibility, the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'") (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir.1995)) (internal citations and quotations omitted); *Boudreaux*, 402 F.3d at 540 ("This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'") (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("speculation and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment).

    **iv.**     **Plaintiffs Have Provided No Evidence to Show that STC Ignored Relevant Complaints that Were Brought to its Attention.**

An additional reason that Plaintiffs have not satisfied their burden of proof to survive summary judgment on willfulness is that they have provided no evidence that Defendant ignored and took no action regarding possible FLSA violations that were brought to its attention. *See Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed. Appx. 349, 360 (5th Cir. 2015) ("Willfulness has been found when the evidence demonstrated that an employer actually knew its pay structure violated the FLSA or ignored complaints that were brought to its attention."). Simply that Defendant was sued in 2014 for an *alleged FLSA misclassification of MWD's and DD's* does not mean that between the filing of that suit and the filing of this suit that Defendant was put on notice *of the independent contractor/day rate claims alleged in this action*.

9

The primary issue in the present case is different.  Here, Plaintiffs contend that they were improperly classified as independent contractors.  Plaintiffs have not made any showing that STC was placed on notice that its classification of contractor MWD's, DD's, or Cement Field Coordinators as independent contractors was an alleged violation of the FLSA.[3]

Plaintiffs have the burden to show that Defendant did ignore the alleged FLSA violation but <u>they have provided no evidence of such inaction</u>.  Indeed, the evidence the Magistrate Judge noted in this case (inquiry of exempt status and including contractual obligations for FLSA classification), at the very least, indicate that STC was *not* ignoring the potential for FLSA violations.  Accordingly, the "evidence" cited by the Magistrate Judge in denying summary judgment was no evidence at all.

## II.     The Magistrate Judge Erred in Not Declaring Plaintiff's Motion for Partial Summary Judgment Moot.[4]

The Magistrate Judge also erred by ruling that "Plaintiffs' Motion for Partial Summary Judgment regarding Defendant's affirmative defenses may still be relevant to the remaining three Plaintiffs." (Rec. Doc. 190, at p. 2).  In fact, Plaintiff's Motion did not seek judgment as to the named Plaintiffs, or any particular plaintiff, but rather sought dismissal of the affirmative defenses on a class-wide basis.  Therefore, if the Magistrate's R&R regarding the decertification motion is accepted as it should be, Plaintiffs' motion for partial summary judgment is moot as well.

Indeed, the Magistrate Judge correctly recommended that decertification is appropriate because "the defenses raised will require the Court to conduct a fact-specific, individualized analysis of each DD, MWD and field supervisor's job responsibilities and salary."  *Id.* at p. 10.

---

[3] Plaintiffs' original theory of the case was that payment by a day rate alone violated the FLSA.  Of course, the Fifth Circuit's *Faludi* decision has put that theory to rest.

[4] This argument assumes that the Court will adopt the Magistrate Judge's granting of Defendant's Motion for Decertification (which it should).

10

Additionally, the Magistrate Judge also correctly wrote that "Plaintiffs' claims are not amenable to generalized evidence because the individualized claims and individualized defenses, all of which are highly fact intensive, would not only dominate but would swallow and consume the entire case." *Id.* at pp. 15-16 (internal quotations and citations omitted).

Here, Plaintiffs' Motion was aimed at the affirmative defenses raised against the collective action class, which the Magistrate Judge has now recommended to be decertified. Moreover, that Motion did not proffer any evidence to counter the application of the exemption defenses, other than the fact that the Plaintiffs were paid on a day rate. Procedurally, it is unfair to Defendant to suddenly convert a motion that addressed STC's affirmative defenses on a broad-brush, class level, primarily making two arguments, (the first that certain affirmative defenses do not apply to the FLSA, and second the legally incorrect theory that STC cannot assert exemption defenses as to workers paid a day rate ) into a motion for partial dismissal for three individual defendants. STC's opposition responded to the allegations in the original motion, not a motion addressing three individual Plaintiffs. And while the Court may still address ancillary issues, such as good faith or willfulness, it would be unfair to apply Plaintiffs' current Motion to the three (potentially) remaining Plaintiffs as the Motion does not give STC notice that it will have to defend those individual claims on an individual basis.

The Magistrate Judge acknowledged as much by writing "[i]f the class is decertified, Defendant should clearly identify which, if any, of the remaining affirmative defenses it intends to raise." *Id.* at p. 16, n6. Certainly, after the Court accepts the Magistrate Judge's recommendation regarding decertification, the Court can decide if Plaintiffs should be allowed to submit a new motion for partial judgment as to the remaining Plaintiffs and STC should be given on opportunity to respond, as the Plaintiffs' current motion does not raise any issues individual to the three

11

remaining Plaintiffs.  Accordingly, this Court should declare Plaintiff's Motion for Partial Summary Judgment regarding Defendant's Affirmative Defenses moot.

Respectfully submitted, this the 5th day of December, 2019.

/s/Robert P. Lombardi
Samuel Zurik III (Texas Bar No. 24044397)
Robert P. Lombardi (admitted *pro hac vice*)
Joseph R. Ward III (admitted *pro hac vice*)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: sz@kullmanlaw.com
E-Mail: rpl@kullmanlaw.com
E-Mail: jrw@kullmanlaw.com

and

Kelly Reese (admitted *pro hac vice*)
**THE KULLMAN FIRM, P.L.C.**
63 S. Royal Street
1100 Riverview Plaza
Mobile, AL 36602
Telephone: (251) 432-1811
Facsimile: (251) 433-1230
E-Mail: kr@kullmanlaw.com

**COUNSEL FOR DEFENDANT, SCHLUMBERGER TECHNOLOGY CORPORATION**

**CERTIFICATE OF SERVICE**

  I certify that on the 5th day of December 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

 Michael A. Josephson
 Andrew W. Dunlap
 William R. Liles
 **JOSEPHSON DUNLAP LAW FIRM**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 Email: mjosephson@mybackwages.com
 Email: adunlap@mybackwages.com
 Email: wliles@mybackwages.com

 Richard J. (Rex) Burch
 **BRUCKNER BURCH, P.L.L.C.**
 8 Greenway Plaza, Suite 1500
 Houston, Texas 77046
 Email: rburch@brucknerburch.com

               */s/Robert P. Lombardi*
               Robert P. Lombardi