UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME SANCHEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-102 |
| | § | |
| SCHLUMBERGER TECH. CORP., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON OBJECTIONS TO
## MEMORANDUM AND RECOMMENDATION

Before the Court are Plaintiffs' and Defendant Schlumberger Technology Corporation's (STC) objections (D.E. 191, 192) to Magistrate Judge Jason Libby's memorandum and recommendation (M&R) (D.E. 190) on seven pending motions, including Defendant's motion to decertify this conditionally certified collective action under the Fair Labor Standards Act (FLSA).[1] The parties responded to each other's objections, and replied to those responses. D.E. 193–96.

For the following reasons, all objections are OVERRULED. D.E. 191, 192. The Court adopts the M&R. Defendant's motion for decertification is GRANTED. D.E. 161. Defendant's motion for partial summary judgment on willfulness is DENIED. D.E. 160. Defendant is ORDERED to specify which, if any, affirmative defenses it intends to assert

---

[1] The seven motions are Plaintiffs' motion for partial summary judgment as to STC's affirmative defenses (D.E. 122); Defendant's motion to dismiss certain opt-in Plaintiffs who failed to respond to discovery requests and/or failed to make themselves available for discovery (D.E. 155); Defendant's motion for summary judgment as to individual plaintiff Tandy Dillen (D.E. 156); Defendant's motion for summary judgment as to plaintiffs Rodi Sibuea and Maria Valles (D.E. 158); Defendant's motion for summary judgment as to Anthony Hamrick (D.E. 159); Defendant's motion for partial summary judgment on willfulness (D.E. 160); and Defendant's motion for decertification (D.E. 161).

against the named plaintiffs. The Court will then issue a separate order on Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses. D.E. 122. All other motions addressed in the M&R are DENIED as moot. D.E. 155, 156, 158, and 159. Because the Court decertifies this collective action, the claims of all opt-in plaintiffs are DISMISSED WITHOUT PREJUDICE.

## STANDARD OF REVEW

A district court "shall make a de novo determination of . . . specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). It may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. And while it must apply de novo review to objected-to portions of a recommendation, it "should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

Litigants may not "use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Id*. And the district court "need not consider frivolous, conclusive, or general objections." *Talbert v. Lynch*, No. PE:16-CV-00018-RAJ, 2017 WL 11236935, at *1 (W.D. Tex. Feb. 17, 2017) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). "[F]ailure to make appropriately specific objections excuses the district judge from doing a de novo review." 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3070.1 (3d ed. 2019).

DISCUSSION

I.  **Defendant's Motion for Decertification**

The parties previously stipulated to conditionally certify this case as a collective action under the FLSA. D.E. 77. Since then, potential class members have opted in to the action, and the class consists of thirty-nine alleged employees of STC: one Field Service Supervisor/Cement Field Specialist, twenty Measurement while Drilling Operators (MWDs), and eighteen Directional Drillers (DDs). D.E. 190, p. 8.[2]

Defendant has since moved for decertification. In determining decertification, courts must examine whether class members are "similarly situated" such that collective action is appropriate. *Portillo v. Permanent Workers, L.L.C.*, 662 F. App'x 277, 281 (5th Cir. 2016). They consider three factors in making this decision: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [defendant] which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id*. (quotations omitted). Distinctions among class members "must make a difference relevant to the legal issues presented." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226–27 (5th Cir. 2011). Plaintiffs bear the burden of proving that individual class members are similarly situated. *Lagos v. Cogent Commc'ns, Inc.*, No. CV H-11-4523, 2014 WL 12776418, at *4 (S.D. Tex. Mar. 12, 2014). And the decision to decertify is "within the district court's discretion." *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008).

Applying this standard, the Magistrate Judge recommended granting Defendant's

---

[2] See the M&R for a detailed review of the facts and procedural developments in this case. D.E. 190.

motion. He reasoned that each of the three factors weighed in favor of decertification. In a similar vein, he recommended that the Court not create subclasses for Plaintiffs within each of the three job categories. Plaintiffs objected to these recommendations.

### A. Plaintiffs' Objections

Plaintiffs spend much of their brief arguing against decertification without identifying any flaw in the M&R. The Court will not consider these arguments, which fail to "specif[y] proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Having reviewed the M&R, the Court finds it employed the proper analysis and, according to the evidence, came to the correct conclusions regarding decertification. The Court therefore adopts the recommendation regarding this issue except with regard to Plaintiffs' specific objections, which it reviews de novo, below. *See Talbert*, 2017 WL 11236935, at *1 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

#### 1. Relevance of Differences among Plaintiffs

Plaintiffs correctly note there are three major issues in this case, including (1) whether Plaintiffs are employees or independent contractors; (2) if they are employees, whether the FLSA's administrative exemption applies; and (3) if they are employees, whether the FLSA's highly compensated employee exemption applies. Plaintiffs object that the Magistrate Judge improperly considered six differences among Plaintiffs that have no bearing on these legal issues and, therefore, cannot support decertification: (1) Plaintiffs worked in three different positions; (2) some MWDs and DDs worked as leads while others did not; (3) some MWDs and DDs worked alone while

others worked with a crew; (4) some Plaintiffs were classified as independent contractors and others were classified as employees; (5) some class members were paid day rates and others were paid hourly rates; and (6) day rates varied among class members. The Court considers each in turn.

***First.*** The Magistrate Judge correctly found that the differences in job titles weighed in favor of decertification. As Plaintiffs recognize, one of the most important issues in this case is whether Plaintiffs were employees or independent contractors. To make this determination, the Court must apply the "economic-realities" test, which requires examination of the five non-exhaustive factors originally prescribed in *United States v. Silk*, 331 U.S. 704 (1947). These factors focus on various aspects of Plaintiffs' work arrangements.[3]

Varying job titles, at the very least, suggest that such arrangements also varied. *See Sanders v. Latshaw Drilling Co., LLC*, No. 3:16-CV-1093-S, 2019 WL 1209769, at *3 (N.D. Tex. Mar. 14, 2019) ("Plaintiffs' testimony reveals that their actual job performance differed in many ways[.] As an initial matter, there are three different job titles within the putative collective action."). The Magistrate Judge correctly weighed this in favor of decertification, especially given that his recommendation identifies other specific differences among the job categories. The objection is OVERRULED.

---

[3] The *Silk* factors are: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citations and quotations omitted).

***Second.*** The Magistrate Judge correctly considered that some MWDs and DDs worked as leads while others did not. Lead workers had greater authority and skill than non-lead workers. D.E. 161-1, 161-4. This is relevant to the first and fourth *Silk* factors—the degree of control exercised by the alleged employer and the skill required to perform the job. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 381 (5th Cir. 2019) ("As stated, the control factor leans in favor of IC status. Premier did not dictate how plaintiffs completed the directional-drilling calculations."). It is also relevant to Defendant's administrative exemption defense. *See Sanders*, 2019 WL 1209769, at *5 ("[T]he administrative exemption requires, inter alia, that the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.") (citations and quotations omitted). The objection is OVERRULED.

***Third.*** The Magistrate Judge correctly considered that some MWDs and DDs worked alone while others worked with a crew. At the outset, he did not consider this in isolation. Rather, he found that there were "differences as to where and in what type of setting certain MWDs and DDs worked and whether they worked alone or in a group, with or without supervision." D.E. 190, p. 14. Together, these differences demonstrated varying levels of discretion and authority, as they relate to the administrative exemption. *See Sanders*, 2019 WL 1209769, at *5. The Court also finds they are relevant to the first and fourth *Silk* factors. *See Parrish*, 917 F.3d at 381. The objection is OVERRULED.

***Fourth.*** The Magistrate Judge correctly considered that some Plaintiffs were classified as independent contractors and some were classified as employees. Plaintiffs recognize the relevance of "uniform classification decision[s]" to decertification. D.E.

191, p. 20. Yet the evidence suggests Defendant did *not* make a uniform decision to classify all class members as independent contractors. Eight of the thirty-nine class members were classified as employees at some point during the relevant time period, including Plaintiffs in each of the three job categories. D.E. 162-1, p. 6.[4] The objection is OVERRULED.

***Fifth.*** The Court agrees with Plaintiffs that the Magistrate Judge should not have considered any distinction between purported Plaintiffs who were paid hourly rates and those paid daily rates, as the conditionally certified class only included workers paid on a "day-rate basis." D.E. 77. By definition, the class was identical in this regard. But, as explained below, this single error does not render the recommendation to decertify unsound.

***Sixth.*** The Magistrate Judge correctly found that differences in day rates weighed in favor of decertification. Plaintiffs' objections invite the Court to examine a table showing the various day rates of eight different plaintiffs in order to determine whether they were paid on a "salary basis" as required by the two relevant exemptions. D.E. 191, p. 16 (citing D.E. 177-2). In essence, Plaintiffs' argument demonstrates both the relevance of Plaintiffs' day rates and the necessity of an individualized inquiry. The Magistrate Judge correctly weighed this in favor of decertification. The objection is OVERRULED.

---

[4] Without any citation or explanation, Plaintiffs claim Defendant classified all class members as independent contractors. The Court rejects this unsupported objection.

### 3. Fairness and Procedural Considerations

Plaintiffs make two objections to the Magistrate Judge's finding that fairness and procedural considerations weighed in favor of decertification. First, they reassert their arguments that this case can be resolved on a class basis. For the reasons stated above, the Court disagrees and rejects this argument. Second, Plaintiffs argue decertification will undermine the remedial purposes of the FLSA. But such purposes "do not alone justify certification of a collective action." *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2016 WL 6650860, at *6 (N.D. Tex. Nov. 9, 2016). The objections are OVERRULED.

### 4. Conclusion on the Conditionally Certified Class

As explained above, the Magistrate Judge made the correct decision in all but one objected-to portion of the M&R. But that single error does not undo the Magistrate Judge's ultimate recommendation. To the contrary, "certification as a collective action should not be based on any single factor in isolation." 7B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1807 (3d ed. 2019)). Based on the five relevant differences among Plaintiffs that are described above, as well as all others identified in the M&R, the Court finds that each of the three decertification factors weigh in favor of decertification. For this reason, Plaintiffs have not carried their burden of showing that class members are "similarly situated." The Court therefore exercises its discretion to decertify this conditionally certified collective action.

### 5. The Court's Discretion to Create Subclasses

The Magistrate Judge recommended that the Court should not create subclasses for each of the three job positions. Plaintiffs ask the Court to revisit this decision, but do not explain how the Magistrate Judge erred in his recommendation. The Court finds there are differences between Plaintiffs within each job category, including their classification as independent contractors or employees, their skill, and their exercise of independent judgment. Based on these differences and those identified in the M&R, the Court declines to exercise its discretion to create subclasses. The objection is OVERRULED.

### B. Conclusion on Defendant's Motion for Decertification

For the reasons stated above and in the unobjected-to portions of the M&R, Plaintiffs' objections are OVERRULED and Defendant's motion for decertification is GRANTED.

## II. Defendant's Motion for Partial Summary Judgment

In its motion for partial summary judgment on willfulness, Defendant asserted that Plaintiffs' claims are subject to a two-year statute of limitations because they cannot show Defendant willfully violated the FLSA. D.E. 160.[5] The Magistrate Judge recommended denying this motion, finding there is a genuine issue of material fact regarding Defendant's knowledge or reckless disregard of its alleged FLSA violations. D.E. 190, p. 20. Defendant objected to this recommendation. D.E. 191, 192.

---

[5] Claims under the FLSA have a two-year statute of limitation unless they arise from "willful" violations, in which case the time period extends to three years. 29 U.S.C. § 225(a).

As a general matter, the Court finds the M&R employed the proper analysis and, according to the evidence, came to the correct conclusions regarding willfulness. The Court therefore adopts the M&R except with regard to Defendant's specific objections, which it reviews de novo, below. *See Talbert*, 2017 WL 11236935, at *1 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)).

### A. Defendant's Objections

#### 1. Relevance of Prior Lawsuits

Defendant challenges the Magistrate Judge's finding that it is "possible" that Defendant had knowledge it was violating the FLSA when it classified Plaintiffs in this action. D.E. 190, p. 20 (quotations and citations omitted). The Magistrate Judge based this finding on evidence that Defendant previously litigated "closely related overtime issues as early as July 2014, also involving DDs and MWDs alleging they were misclassified as exempt employees and paid a day rate." *Id*.[6]

In making this determination, the Magistrate Judge cited a portion of Plaintiffs' response to the motion that listed thirteen cases, six of which concerned Defendant's classification of MWDs or DDs under the FLSA or state labor laws. In other dispositive motions, Defendant now affirmatively argues that two of these earlier lawsuits addressed the "same claims" and "same cause of action" at issue in this case: *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-2267 (W.D. La.) and *Fritchman v. Schlumberger Tech. Corp.*, No. 2:16-cv-01752-CRE (W.D. Pa.). D.E. 158, p. 8; 159, p. 9.

---

[6] "[F]or the sake of this Objection," Defendant accepts the Magistrate Judge's rejection of its argument that previously settled cases are entirely inadmissible as evidence. D.E. 192, p. 2.

"Willfulness has been found when the evidence demonstrated that an employer . . . ignored complaints that were brought to its attention." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (citations omitted). In *Boudreaux*, Defendant received a complaint that—Defendant now argues—asserted the "same claims" asserted in this case. D.E. 158, p. 8. Similar to this case, the original complaint in *Boudreaux* alleged Defendant failed to pay overtime to MWDs and DDs, who were non-exempt employees under the FLSA. D.E. 158-1. Here, Defendant claims the MWDs and DDs are subject to a number of FLSA exemptions. D.E. 115. Defendant therefore received a complaint that relevant employment practices violated the FLSA. [7]

Defendant makes five arguments against this finding, but each fails. First, Defendant objects that *Boudreaux* cannot show willfulness because Defendant settled the case rather than suffering an adverse judgment, citing this Court's decision in *Sealey v. EmCare, Inc.*, No. 2:11-CV-00120, 2013 WL 164040 (S.D. Tex. Jan. 14, 2013). But *Sealey* did not find that an adverse judgment is required to show willfulness. *Id*.

Second, Defendant objects that *Boudreaux* is irrelevant because Plaintiffs have not "made the required showing as to their independent contractor status before *Boudreaux* . . . settled." D.E. 192, p. 8. In support of its argument, Defendant cites *Villegas v. Dependable Construction Services, Inc.*, No. CIV. 4:07-CV-2165, 2008 WL 5137321 (S.D. Tex. Dec. 8, 2008) and *Alawar v. Trican Well Service, L.P.*, 397 F. Supp. 3d 873, 901 (W.D. Tex. 2019). Defendant states that the *Villegas* court made it clear that the

---

[7] In its reply in support of its motion, Defendant argues that the Magistrate Judge never found that there was sufficient evidence that it ignored complaints. However, Plaintiffs raised this issue before the Magistrate Judge and the Court finds they provided sufficient evidence to support such a finding.

possibility that an employer had knowledge of FLSA violations when it classified employees only applies to plaintiffs who are classified as exempt after the employer has litigated a FLSA suit and changed its payment method. *Villegas* held that "a lawsuit filed in [a given year] is immaterial to job classification decisions made prior to that year." *Id*. at *27. The evidence presented by Plaintiffs here raises a genuine issue of material fact as to whether Defendant ignored complaints that were brought to its attention.[8]

Fourth, Defendant objects that *Boudreaux* has limited probative value, citing *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 286 (S.D.N.Y. 2015). This argument is unpersuasive. The court in *Hart* granted a motion in limine to exclude evidence of settlement offers made to plaintiffs in that case, finding they had limited relevance to the defendant's willfulness. But, in doing so, it distinguished the case before it from other cases that permitted parties to use prior lawsuits as proof of knowledge. The court reasoned that those cases involved "earlier claims against a defendant, which were said to put defendants on notice as to the potentially unlawful nature of its practices or products." *Id*. at 286. Here, the Magistrate Judge viewed *Boudreaux* as relevant to this exact issue.

Fifth, Defendant makes policy arguments, claiming that relying on *Boudreaux* as evidence of willfulness will undermine public policy in favor of settlement. This argument entirely misconstrues the Magistrate Judge's recommendation, which was based on the filing of *Boudreaux*—not its settlement.

---

[8] The Court therefore rejects Defendant's argument that the Magistrate Judge's observation that it is "possible" Defendant willfully violated the FLSA applied an improper summary judgment standard.

The objections are OVERRULED.

## 2. Defendant's Reliance on Staffing Agencies

Defendant further objects that Plaintiffs cannot show it acted recklessly because it made efforts to comply with the FLSA. Defendant relies on the Magistrate Judge's finding that it "provided evidence to establish the absence of willfulness," specifically that it "relied on the staffing agencies and their contractual obligations when classifying the majority of the Plaintiffs as exempt." D.E. 192, p. 4 (citing D.E. 190, p. 20).

As an initial matter, this finding did not require the Magistrate Judge to recommend granting Defendant's motion. He only held that Defendant provided some evidence negating willfulness—not that a reasonable jury could only interpret the evidence in Defendant's favor. And, contrary to Defendant's argument, it cannot overcome Plaintiffs' evidence by merely pointing to some evidence that it generally attempted to comply with the FLSA. As recognized in Supreme Court precedent, such attempts can be made in a reckless manner. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n.13 (1988).

Defendant further objects that Plaintiffs provided no evidence that it acted recklessly in relying on its staffing agencies. But Plaintiffs have submitted evidence that Defendant never inquired into how staffing agencies decided to classify Plaintiffs. *See, e.g.*, D.E. 172-1, p. 25 (92:17-93:5). Defendant counters that it has the right to rely on contractual terms requiring staffing agencies to ensure compliance with labor laws, but it cites no case law finding that such terms categorically bar a finding of recklessness. Moreover, the Magistrate Judge did not find—and Defendant does not claim in its

objections—that Defendant ever tasked the staffing agencies with determining whether *Boudreaux* raised valid concerns about the legality of its ongoing employment practices. As a result, a reasonable jury could infer that Defendant ignored concerns raised by *Boudreaux*, even if Defendant generally relied on staffing agencies to ensure legal compliance.

Defendant's objection is OVERRULED.

### B. Conclusion on Defendant's Motion for Partial Summary Judgment

For the reasons stated above and in the un-objected to portions of the M&R, Defendant's objections are OVERRULED and Defendant's motion for partial summary judgment on willfulness is DENIED.

## III. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs filed a motion for partial summary judgment on Defendant's affirmative defenses. The Magistrate Judge recommended that, if decertification is granted, the Court should order Defendant to clarify which, if any, affirmative defenses it intends to pursue. Defendant objects that Plaintiffs' motion is moot because it attempts to resolve issues on a class basis. The Court disagrees. STC asserted many of its affirmative defenses against "Plaintiffs ***and/or*** the putative class." *See* D.E. 115, p. 23–27 (emphasis added). In other instances, Defendant asserted generalized defenses without limiting their application to either named plaintiffs or opt-in plaintiffs. *See, e.g., id.*, p. 23–24. In turn, Plaintiff's motion for partial summary judgment attacks defenses that Defendant did not limit to any specific set of plaintiffs. D.E. 122, p. 6 (citing D.E. 115, Affirmative Defenses 6–7, 15–16, 18, 23–29, and 34).

The Court also rejects Defendant's argument that any ruling on this motion would be unfair. Plaintiffs never expressly limited their motion to defenses asserted on a class basis. And while some of their arguments are broad, nothing prevented Defendant from presenting individualized evidence in its response. Moreover, Defendant had the incentive to present all relevant evidence, as it bore the burden of proof on at least some of its defenses. *See, e.g.*, *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003) ("[A]n employer faces a substantial burden of demonstrating good faith . . . .") (citations and quotations omitted). And, in fact, Defendant did present some individualized evidence. *See, e.g.*, D.E. 163, p. 14-15.

Defendant's objection is OVERRULED, and Defendant is ORDERED to specify which, if any, affirmative defenses it intends to raise against the remaining plaintiffs. The Court will then rule on Plaintiffs' motion as to those defenses in a separate order. It will not consider any arguments in favor of summary judgment that were not made in Plaintiffs' initial motion.

### IV. Other Motions Addressed in the M&R

The Magistrate Judge recommended that decertification would moot all other motions addressed in the M&R because they were aimed at opt-in Plaintiffs. No party objected to this recommendation. Because the class has been decertified, these motions are DENIED as moot. D.E. 155, 156, 158, and 159.

### CONCLUSION

All objections to the M&R are OVERRULED. D.E. 191, 192. Defendant's motion for decertification is GRANTED. D.E. 161. Defendant's motion for partial

summary judgment on willfulness is DENIED.  D.E. 160.   Defendant is ORDERED to specify which, if any, affirmative defenses it intends to assert against the named plaintiffs.  The Court will then issue a separate order on Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses.  D.E. 122.  The Court will set a deadline for Defendant to specify its defenses after conferring with counsel at the hearing scheduled on February 3, 2020.  All other motions addressed in the M&R are DENIED as moot.  D.E. 155, 156, 158, and 159.  The claims of all opt-in plaintiffs are DISMISSED WITHOUT PREJUDICE.

ORDERED this 30th day of January, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE