United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME  SANCHEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-102 |
| | § | |
| SCHLUMBERGER TECH. CORP., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This case, filed on March 16, 2017, concerns whether Plaintiffs were improperly denied overtime compensation under the Fair Labor Standards Act ("FLSA").  Pending is Plaintiffs' Motion for Partial Summary Judgment regarding Defendant's multiple affirmative defenses.  (D.E. 122).  Defendant, in the most recent opposition to Plaintiffs' Motion, opposes only the summary dismissal of the highly compensated, executive and administrative exemptions affirmative defenses.  (D.E. 201).  For the reasons stated below, the undersigned recommends Plaintiffs' Motion be **GRANTED** as to these exemptions.  (D.E. 122).

## I.      JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636.  (D.E. 70).

## II.    BACKGROUND

Defendant is an oil and gas services company providing services to gas and oil exploration and production companies.  Using at least four third-party staffing entities, Defendant utilized certain workers classifying them as independent contractors rather than employees.  Plaintiffs allege Defendant improperly classified these workers as either independent contractors or loaned employees, paying them a day rate with no overtime compensation in violation of the FLSA because they regularly worked in excess of 40 hours per week.  Plaintiffs originally brought this action on behalf of themselves and all other similarly situated employees and this case was conditionally certified on October 10, 2018.  (D.E. 77, Pages 2-3 and D.E. 84).  However, on January 30, 2020, Defendant's Motion to Decertify was granted and the Court decertified the collective action.  (D.E. 199).  There are three remaining Plaintiffs, the original named Plaintiffs in this action.

Prior to decertification, Plaintiffs filed a Motion for Summary Judgment as to Defendant's multiple affirmative defenses, which the Court deferred ruling on until after its decision on decertification.  On March 4, 2020, Defendant filed a Renewed Opposition to Plaintiffs' Motion, contesting the summary dismissal of the highly compensated, executive and administrative exemptions affirmative defenses, specifically as to the three remaining Plaintiffs.  (D.E. 201).  Plaintiffs filed a reply on March 12, 2020.  (D.E. 203).[1]

---

[1]Plaintiffs also filed a Motion to Strike.  (D.E. 204).  However, the undersigned recommends this Motion be **GRANTED in part** and otherwise **DENIED as moot**.  As discussed below, the issue as to the contested defenses is whether a day rate pay system is sufficient to satisfy the salary component of an FLSA overtime exemption.  The majority of the evidence Plaintiffs seek to strike is related to a second exemption requirement, Plaintiffs' job duties, which the undersigned does not discuss in this M & R.  Therefore, to the extent Plaintiffs seek to strike portions of

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).

The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (stating that courts cannot consider

---

Alexander Barrera's declaration related to Plaintiffs' job duties, the undersigned recommends the Motion be **DENIED as moot**.  (D.E. 201-7).  As to the declarations of Van Liet, Grobbel and Albores, Plaintiffs assert Defendant failed to timely disclose them as witnesses during the discovery period.  (D.E. 204, Pages 4-5; D.E. 204-1 and D.E. 204-2).  The undersigned agrees and recommends the Motion be **GRANTED** as to their declarations.  (D.E. 201-5; D.E. 201-6; and D.E. 201-9).

hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.  The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## IV.    FLSA AND RELEVANT EXEMPTIONS

The FLSA requires employers to provide overtime compensation for its employees "for a workweek longer than forty hours."   29 U.S.C. § 207(a)(1).   In contrast, independent contractors are not entitled to overtime under the FLSA.   *Id.* (including only "employees").   Additionally, employers do not have to pay overtime to exempt employees who are "employed in a bona fide executive, administrative, or professional capacity" or to "highly compensated employees."   29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.601.   "If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'"   *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citation omitted).   As recently clarified by the Supreme Court, "courts are to give FLSA exemptions 'a fair reading,' as opposed to the narrow interpretation previously espoused by [the Fifth Circuit] and other circuits."   *Carley v. Crest Pumping Tech., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) (citing *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142 (2018)).

While there are several requirements for the highly compensated, administrative and executive exemptions related to the type of duties the exempt employee must perform, the contested issue is whether Defendant has met its burden by establishing that a day rate could satisfy the weekly salary threshold required for these overtime exemptions.[2]   The undersigned recommends that while a day rate could be sufficient to

---

[2]Department of Labor ("DOL") regulations generally define an administrative employee as an individual (1) who is compensated on a salary or fee basis not below a certain weekly rate (2)

find a plaintiff was paid on a salary basis, the facts in this case do not support such a finding.

As of January 1, 2020, an exempt employee must be compensated on a salary basis of not less than $684 per week.  29 C.F.R. §§ 541.600 and 601.  However, at all times relevant to this case, the rate was $455 per week.  "An employee will be considered to be paid on a 'salary basis'. . . if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."  29 C.F.R. §541.602.  Subject to certain exemptions, "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked."  *Id*. However, "exempt employees need not be paid for any workweek in which they perform no work."  *Id*.

In a recent decision, the Fifth Circuit held that a day rate of at least $455.00 regularly received on a weekly or less frequent basis may satisfy the guaranteed salary

---

who primarily performs office or non-manual work related to the employer's or customer's management or general business operations (3) which requires the exercise of discretion and independent judgment.  29 C.F.R. § 541.200(a) and 541.600.  A highly compensated employee (1) earns more than a certain yearly amount determined by the DOL, (2) also performs office or non-manual work related to an employer's business or that of its customers and (3) must also be compensated on a salary basis at rate not less than a certain amount per week.  29 C.F.R. § 541.601.  An executive employee is an individual (1) who is compensated on a salary basis not below a certain weekly rate (2) whose primary duty is management (3) including regularly directing the work of two or more employees and (4) who has the authority to hire and fire or recommend as to hiring and firing or other change of employment status as to other employees. 29 C.F.R. § 541.100.

requirement under an FLSA exemption.  *Faludi v. U.S. Shale Solutions, LLC*, No. 17-20808, 2019 WL 3940878, at *4 (5th Cir. Aug. 21, 2019) (finding a $1,000 day rate and annual compensation of approximately $260,000 exempted a plaintiff classified as an employee from receiving overtime under the highly compensated exemption).  However, the Fifth Circuit then withdrew this opinion, again granting summary judgment to the employer but finding the plaintiff was an independent contractor not subject to the FLSA's requirements, rather than an employee.  *Faludi v. U.S. Shale Solutions, LLC*, No. 17-20808, 2020 WL 747225, at *4 (5th Cir. Feb. 14, 2020).  Specifically, the Fifth Circuit found:

> Because Faludi met these requirements – specifically, because his $1,000 day rate guaranteed him at least $455 per week and he regularly received the predetermined amount on a weekly or less frequent basis – U.S. Shale argues that he was exempt from the FLSA's overtime requirements as a highly compensated employee.

> Although we think U.S. Shale's arguments are well-taken as to why Faludi fits within the highly compensated employee exemption to the FLSA, we need not reach that issue given that Faludi is an independent contractor not covered by the FLSA's requirements.

*Id*. at *4.

Therefore, the Fifth Circuit has indicated that it is likely to find a sufficient day rate could satisfy the salary requirements for these exemptions in certain circumstances as Defendant's arguments were "well-taken."  Further, "the regulation does not require that the plaintiff be guaranteed to work a prescribed number of days, but instead demands that the plaintiff be paid a predetermined amount, not to fall below $455 during any week in which he works."  *Hewitt v. Helix Energy Sol. Grp., Inc.*, No. 4:17-cv-2545, 2018 WL

6725267, at *3 (S.D. Tex. Dec. 21, 2018) (citations omitted) ("[P]laintiff's predetermined daily rate was more than double the required weekly amount, and it remained constant regardless of the quantity or quality of his work…[therefore] plaintiff was paid on a salary basis.")

A sufficiently large day rate could satisfy the overtime exemptions' salary basis requirement so long as the day rate in question continuously meets or exceeds the statutory minimum weekly salary throughout a plaintiff's employment, in this case $455. If a plaintiff's day rate is at or above $455 then the plaintiff is guaranteed to make the statutory weekly minimum for each week worked, even if the plaintiff works only one day in that week.  This would satisfy the salary basis requirement.

However, in this case, it is undisputed that two of the Plaintiffs' day rates never exceeded the statutory minimum salary of $455 per week.  Rather, Plaintiff Stogrin was paid a day rate of $400 per day and Plaintiff Sanchez was paid a day rate of $350 per day. (D.E. 201-1, Pages 1-2).  As to Plaintiff Loyd, he began performing work for Defendant in July 2015 at a day rate of $178.90.  (D.E. 201-1, Page 2).  For the majority of 2016, his day rate fluctuated between $175 and $385.  While his day rate was raised to $525 from December 16, 2016 through December 21, 2016 and March 25, 2017 through April 1, 2017, it was reduced to $350 and $450 from December 27, 2016 to March 24, 2017. (D.E. 201-1, Page 2).  Therefore, with the exception of 14 days throughout his July 25, 2015 to April 1, 2017 employment, Plaintiff Loyd's day rate also did not exceed the required weekly amount of $455.

Acknowledging that Plaintiffs' day rates were below the statutory minimum of $455, Defendant argues these three Plaintiffs were guaranteed to work a certain number of days each week and therefore, each of their combined daily earnings exceeded $455 for each week they worked.  However, there is no evidence in the record that Defendant guaranteed any Plaintiff would still receive $455 per week if they worked less days during a workweek.  *Snead v. EOG Resources, Inc.*, No. 5:16-cv-1134-OLG, 2018 WL 1151138, at *2 (W.D. Tex. Feb. 13, 2013) (Plaintiff paid a $300 day rate was not guaranteed to receive in excess of $455 per week if he worked fewer than two days during a workweek and therefore overtime exemptions did not apply); 29 C.F.R. § 541.604.[3]  Rather, Plaintiffs have submitted evidence showing that on at least two occasions, Plaintiffs Loyd and Sanchez received under $455 for a week they both worked only one day.  (D.E. 203, Pages 8-9); *Keen v. DXP Enter., Inc.*, No. 5:15-cv-137-OLG, 2016 WL 3253895, at *5 (W.D. Tex. June 6, 2016) (Analysis of how much and how often Plaintiff, making a day rate of $250, was actually paid during several pay periods showed he received less than $455 per week and therefore, Defendant failed to show entitlement to exemption).  Additionally, while Defendant has submitted evidence that all three Plaintiffs regularly received in excess of $455 per week, "evidence that Plaintiff regularly received a qualifying amount of pay is not the same as evidence that he was

---

[3]The regulations provide that "an exempt employee's earnings may be computed on an hourly, a daily, or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b).

guaranteed to receive that amount regardless of the quality or quantity of the work performed." *Snead*, 2018 WL 1151138, at *2. Here, the evidence establishes that if Plaintiffs worked only one day, they were paid only for that one day, which would not meet the statutory minimum weekly salary.

The summary judgment record establishes there is no genuine issue of material fact that Plaintiffs were not paid on a salary basis within the meaning of the FLSA. Therefore, the undersigned recommends Defendant has failed to show it is entitled to the overtime exemptions and Plaintiffs have produced evidence, which Defendant has not rebutted, which affirmatively shows these exemptions do not apply in this case.

## V.    CONCLUSION

For the reasons stated below, the undersigned recommends Plaintiffs' Motion be **GRANTED** as to these overtime exemptions.  (D.E. 122).

ORDERED this 23rd day of March, 2020.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.