Case 2:17-cv-00102 Document 218 Filed on 05/26/20 in TXSD Page 1 of 8
United States District Court
Southern District of Texas
**ENTERED**
May 26, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAIME SANCHEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-102 |
| § | |
| SCHLUMBERGER TECH. CORP., § | |
| § | |
| Defendant. § | |

## ORDER OVERRULING OBJECTIONS TO MEMORANDUM AND RECOMMENDATION

Plaintiffs moved for partial summary judgment as to several of Defendant Schlumberger Technology Corporation's (STC) affirmative defenses. D.E. 122.[1] STC recently renewed its opposition to that motion, asking the Court to deny summary judgment as to a subset of the defenses that Plaintiffs challenged. Specifically, STC argued it could proceed on its defenses that: (1) Plaintiffs Jamie Sanchez and David Loyd are exempt from the Fair Labor Standards Act's overtime compensation requirement because they are administrative employees, and (2) Plaintiff Steven Stogrin is also exempt because he is a highly compensated employee (collectively, the "challenged defenses"). D.E. 201. In turn, Plaintiffs moved to strike three declarations and portions of one declaration that STC attached to its renewed opposition. D.E. 204.

---

[1] Plaintiffs brought this action under the Fair Labor Standards Act, alleging STC illegally denied them overtime compensation. After the Court granted conditional class certification, Plaintiffs moved for partial summary judgment as to several of STC's affirmative defenses. D.E. 122. The Court later decertified the class and ordered STC to specify which defenses it intended to assert against the remaining Plaintiffs, so that the Court could rule on Plaintiffs' still-pending motion for partial summary judgment. D.E. 199.

Magistrate Judge Jason Libby reviewed these filings and submitted a memorandum and recommendation (M&R). D.E. 207. He recommends that the Court grant Plaintiffs' motion for partial summary judgment as to the challenged defenses and that it grant in part Plaintiffs' motion to strike. The Court now considers STC's objections to the M&R (D.E. 209), Plaintiffs' response (D.E. 215), and STC's reply (D.E. 216). It also considers STC's response to Plaintiffs' motion to strike (D.E. 208), which it filed after Judge Libby issued the M&R.

For the following reasons, STC's objections are OVERRULED. D.E. 209. Plaintiffs' motion for partial summary judgment is GRANTED as to the challenged defenses. D.E. 122. And Plaintiffs' motion to strike is DENIED as moot. D.E. 204.

## DISCUSSION

I.  **Plaintiffs' Motion for Partial Summary Judgment**

   A.  **Judge Libby's Recommendation**

Judge Libby recommended granting Plaintiff's motion as to the challenged defenses because he found no genuine dispute that Plaintiffs were not paid at least $455 per week on a "salary basis," as required to establish the defenses. *See* 29 C.F.R. §§ 541.600(a), 541.601(b)(1).[2] Judge Libby made this recommendation in an uncertain legal environment. The parties do not dispute that STC compensated Plaintiffs on a day-rate basis. D.E. 209, p. 10, 12-13. Shortly before Judge Libby issued his M&R, the Fifth Circuit withdrew an opinion detailing the circumstances under which day-rate

---

[2] The weekly minimum increased to $684 per week on January 1, 2020, but there is no dispute that $455 per week is the applicable rate in this case. D.E. 209, p. 6. The term "salary basis" is defined by 29 C.F.R. § 541.602 and § 541.604(b).

compensation can meet the salary-basis requirement, leaving the Fifth Circuit's view of the issue unclear. *See Faludi v. U.S. Shale Sols., L.L.C.*, 950 F.3d 269 (5th Cir. 2020).

Nonetheless, Judge Libby reasonably assumed the Fifth Circuit would adhere to its reasoning from the withdrawn *Faludi* decision. But, even applying that decision, he found no evidence that STC guaranteed any Plaintiff would receive the required weekly minimum if they worked an insufficient number of days in a given week, as required by 29 C.F.R. § 541.604(b). D.E. 207, p. 9. He therefore recommended granting Plaintiffs' motion as to the challenged defenses.

B.    **The Fifth Circuit's Decision in *Hewitt***

STC filed objections to the M&R, contesting Judge Libby's assessment of the evidence and arguing that several cases require the Court to deny Plaintiffs' motion. D.E. 209. Shortly after it filed these objections, however, the Fifth Circuit decided *Hewitt v. Helix Energy Solutions Group, Inc.*, 956 F.3d 341 (5th Cir. 2020). This decision significantly undermined STC's arguments, holding that:

> The case we decide today presents the same interpretive question that divided our court in *Faludi*. We hold, consistent with the dissent in *Faludi*, that an employee who is paid a daily rate is not paid on a "salary basis" under 29 C.F.R. § 541.602(a).

*Id*. at 342. STC's initial objections relied on the withdrawn *Faludi* decision's assessment of the day-rate issue, as well as the now-reversed lower court decision in *Hewitt*.[3]

---

[3] STC's initial objections also relied on *Jordan v. Helix Energy Solutions Group, Inc.*, 346 F. Supp. 3d 890 (S.D. Tex. 2018). The Court finds *Jordan* unpersuasive. That case addressed a plaintiff's motion for summary judgment involving a similar day-rate issue, and found that the "evidence presented by plaintiffs [was] not sufficient to carry their burden of showing that they were not paid on a salary basis." *Id*. at 907. But the *Jordan* court did not

Yet *Hewitt* also suggested—but did not hold—that compensation paid on a day-rate basis can satisfy the salary-basis requirement if an employer and employee "agree[] beforehand" that the employee will work a certain number of days. *Id*. at 344 n.3. This suggestion was based on 29 C.F.R. § 541.602's requirement that the employee receive a "predetermined" amount on a weekly or less frequent basis. *Id*.[4]

### C. Defendant's Objections

Plaintiffs responded to STC's objections, arguing *Hewitt* requires the Court to grant its motion. STC replied, insisting that the reasoning of the withdrawn *Faludi* decision remains valid. The Court rejects this argument, given *Hewitt*'s explicit rejection of that decision. Perhaps recognizing that *Hewitt* now governs, STC also argues that it made "beforehand" agreements with Plaintiffs that they would work a specific number of days.[5] It also argues Judge Libby improperly drew inferences against it, in violation of the summary judgment standard. Finally, STC argues it can satisfy the salary-basis requirement for at least some of the weeks in which it employed Plaintiffs.

These objections are OVERRULED.

#### 1. Beforehand Agreements with Stogrin and Loyd

STC has presented no evidence that it made any beforehand agreements with Plaintiffs Steve Stogrin or David Loyd requiring that they work a specific number of

---

specifically describe the evidence on which it based this finding, making it difficult for this Court to determine whether *Jordan* supports any particular outcome in this case. *See id*.

[4] Judge Libby relied on 29 C.F.R. § 541.604(b), while *Hewitt* addressed 29 C.F.R. § 541.602. The Court considers these provisions together, since "whether one looks to [Section] 541.604(b), or [Section] 541.602(a), it is legally significant whether [a plaintiff's] weekly salary was a matter of right or a matter of grace." *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183, 191 (6th Cir. 2017*)*; *see also Snead v. EOG Res., Inc.*, No. 5:16-CV-1134-OLG, 2018 WL 1151138, at *2 (W.D. Tex. Feb. 13, 2018) (recognizing Sections 541.604(b) and 541.602 are similar in this respect).

days. Consider, for example, STC's evidence regarding Stogrin. STC points to the declaration of one of his managers, stating in relevant part that:

> Stogrin's services were provided on a project-by-project basis. When he was assigned to a project, he would work every day until that project was completed. He provided directional drilling services . . . while those services were required at the rig. When those services were completed at a particular rig, STC informed [Stogrin's staffing agency] that there was currently no work available for Mr. Stogrin or the anticipated date of when a new project would start.

D.E. 209, 10, *citing* D.E. 209-8, ¶ 9. This sheds no light on whether STC and Stogrin "agreed beforehand" that any particular project would last any particular number of days. *Hewitt*, 956 F.3d at 344 n.3. Indeed, STC concedes that "the length of projects varied and did not always begin or end with a full seven-day week." D.E. 216, p. 2.

Beyond that declaration, STC also points to Stogrin's payroll records. D.E. 209-1 ¶ 3; D.E. 209-2. But they only show after-the-fact payroll calculations—not beforehand agreements. *See Snead v. EOG Res., Inc.*, No. 5:16-CV-1134-OLG, 2018 WL 1151138, at *3 (W.D. Tex. Feb. 13, 2018) ("[E]vidence that Plaintiff regularly received a qualifying amount of pay is not the same as evidence that he was guaranteed to receive that amount regardless of the quality or quantity of work he performed.").[6]

STC's evidence relating to David Loyd is essentially identical to the Stogrin evidence, so it fails for the same reasons. D.E. 209, p. 11-12, *citing* D.E. 209-5, 209-9.

---

[5] The Court assumes, without deciding, that *Hewitt*'s observation about "beforehand" agreements constitutes the law in the Fifth Circuit.
[6] For the same reason, the Court also rejects STC's argument regarding a payroll chart that Plaintiffs submitted in their briefing. D.E. 216, p., 3–4, *citing* D.E. 215, p 8–9.

### 2. Guaranteed Weekly Minimum

The evidence relating to Jaime Sanchez at least suggests a beforehand agreement that he work a certain number of days. D.E. 209, p. 13.[7] But the Court need not determine whether this schedule, combined with Sanchez's day rate, can constitute a "predetermined amount" under 29 C.F.R. § 541.602 and *Hewitt*.[8] Even if it does, STC points to no evidence suggesting it guaranteed it would pay Sanchez at least $455 per week if he worked fewer than two days in a given week.

As Judge Libby found, the absence of such a guarantee prevents STC from invoking 29 C.F.R. § 541.604(b), which states in relevant part that:

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes ***a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked***, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.

(emphasis added).[9] The Court also notes that 29 C.F.R. § 541.602(a)(1) imposes a similar requirement, stating in part that "an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *See Faludi v. U.S. Shale Sols., L.L.C.*, 936 F.3d 215, 222 (5th Cir. 2019) (Ho, J., dissenting).

---

[7] In particular, STC presented evidence that Sanchez's work schedule required him to work eleven days and then take three days off. D.E. 209, p. 13.

[8] STC acknowledges it paid Sanchez a day rate of $350 per day. D.E. 209, p. 13.

[9] The parties dispute the relevance of 29 C.F.R. § 541.604(b)'s "reasonable relationship" requirement and whether STC can satisfy that requirement. The Court need not reach these issues.

STC objects that Judge Libby improperly inferred STC did not guarantee Plaintiffs the weekly minimum, despite STC's "undisputed evidence of an agreement before hand." D.E. 216, p. 2.  This argument fails.  As discussed above, STC presented no evidence—much less undisputed evidence—that it guaranteed Sanchez would receive the weekly minimum if he worked an insufficient number of days.  STC acknowledges that the FLSA overtime exemptions are affirmative defenses that it bears the burden of proving at trial.  D.E. 209, p. 5.  And, as STC further concedes, Plaintiffs can prevail on their motion for summary judgment by merely pointing out that STC's evidence is insufficient to establish the defenses.  *Id*.  Plaintiffs have done exactly that.

### 3. Week-by-week Analysis

Finally, STC argues that "the Magistrate Judge failed to consider that Plaintiffs may have been exempt most weeks, but were non-exempt for others." D.E. 209, p. 14–15.  This objection glosses over the threshold issue, discussed above, of whether STC presented evidence suggesting it made any guarantees satisfying the requirements of the relevant regulations.  It has not done so.

STC's objections are OVERRULED.

## II. Plaintiffs' Motion to Strike

With its opposition to Plaintiffs' motion for partial summary judgment, STC submitted the declarations of Francois van Vliet (D.E. 201-5), Alexander Grobbel (D.E. 201-6), Alexander Barrera (D.E. 201-7) and Mark Albores (D.E. 201-9).[10]

---

[10] STC also submitted these declarations with its objections to the M&R.  *See* D.E. 209-5 (van Vliet); 209-6 (Grobbel); 209-7 (Barrera); 209-9 (Albores).

Plaintiffs moved to strike portions of Barrera's declaration and to entirely strike the other declarations, arguing STC failed to timely disclose these witnesses under F.R.C.P. 26(a)(1).  D.E. 204.  Judge Libby recommends denying the motion as moot as to Barrera's declaration, and granting the motion as to the remaining declarations.  D.E. 207, p. 2, n.1.  STC objects to this recommendation.  D.E. 209, pp. 15-16.

Judge Libby's recommendation is well taken.  But even considering the challenged declarations, STC failed to present any evidence that it could meet the salary-basis requirement.[11]  Plaintiffs' motion to strike is therefore moot in its entirety.  STC's objections regarding the motion are similarly moot.  The objections are therefore OVERRULED and the motion is DENIED.  Plaintiffs may re-raise this issue if STC seeks to use these witnesses in the future.

## CONCLUSION

STC's objections are OVERRULED.  D.E. 209.  Plaintiffs' motion for partial summary judgment is GRANTED with regards to the challenged defenses.  D.E. 122.  Plaintiffs' motion to strike is DENIED as moot.  D.E. 204.

ORDERED this 26th day of May, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[11] STC relied on the declarations of Albores and van Vliet in arguing that it paid David Loyd on a salary basis.  *See* D.E. 209, p. 11, *citing* D.E. 209-5 and 209-9.