United States District Court
Southern District of Texas
**ENTERED**
July 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME  SANCHEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-102 |
| | § | |
| SCHLUMBERGER TECH. CORP., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO SEVER

This case, filed on March 16, 2017, concerns whether Plaintiffs were improperly denied overtime compensation under the Fair Labor Standards Act ("FLSA"). (D.E. 1). Pending is Defendant's Motion for Separate Trials or Alternatively to Sever, Plaintiff's Response and Defendant's Reply.  (D.E. 200, D.E. 210 and D.E. 214).  For the reasons stated below, Defendant's Motion is **DENIED**. (D.E. 200).

## I.      JURISDICTION

The Court has federal question jurisdiction over this FLSA action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636.  (D.E. 70).

## II.     BACKGROUND

Defendant is an oil and gas services company providing services to gas and oil exploration and production companies.  Using at least four third-party staffing entities, Defendant utilized certain workers classifying them as independent contractors rather than employees. Plaintiffs allege Defendant improperly classified these workers as either

independent contractors or loaned employees, paying them a day rate with no overtime compensation in violation of the FLSA because they regularly worked in excess of 40 hours per week. Plaintiffs originally brought this action on behalf of themselves and all other similarly situated employees and this case was conditionally certified on October 10, 2018. (D.E. 77, Pages 2-3 and D.E. 84).  However, on January 30, 2020, Defendant's Motion to Decertify was granted and the Court decertified the collective action.  (D.E. 199).  There are three remaining Plaintiffs, the original named Plaintiffs in this action.

Prior to decertification, Plaintiffs filed a Motion for Summary Judgment as to Defendant's multiple affirmative defenses, which the Court deferred ruling on until after its decision on decertification. On March 4, 2020, Defendant filed a Renewed Opposition to Plaintiffs' Motion, contesting the summary dismissal of the highly compensated, executive and administrative exemptions affirmative defenses, specifically as to the three remaining Plaintiffs. (D.E. 201). Defendant also filed the pending Motion for Separate Trial. (D.E. 200).  On March 23, 2020, the undersigned entered a Memorandum and Recommendation that Plaintiffs' Motion for Summary Judgment be granted, which was adopted by the District Judge on May 26, 2020.  (D.E. 207 and D.E. 218).

## III.    DISCUSSION

Defendant argues this Court should order separate trials pursuant to Rule 42(b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Alternatively, Defendant asserts Rule 21 applies which permits the Court "[o]n motion or on its own, ... at any time, on just

terms, [to] add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. However, Defendant has failed to carry its burden under Rule 42, or Rule 21 in its alternative, showing separate trials or severance of claims by the Court is necessary. Therefore, the undersigned finds is action should proceed in a single trial.

### A.    Defendant Fails To Show Separate Trials Are Necessary.

Under Rule 42, the party seeking separate trials carries the burden of proving that separation is necessary. *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011) (citations omitted). Further, the United States Court of Appeals for the Fifth Circuit has cautioned that "separation of issues [under Rule 42(b)] is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976) (citation omitted). "[T]he issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Id.* at 1324. Further, "[w]hether to conduct separate trials under the Rule is 'a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it.'" *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009) (citation omitted).

Defendant has failed to show separate trials are necessary. Defendant argues separate trials for the three remaining Plaintiffs are warranted asserting jury confusion and unfair prejudice will occur if they are not separated. (D.E. 200, Page 9). Defendant consistently argues differences in job titles and duties between the three plaintiffs will render confusion to the jury in their task of applying the five-factored test outlined in *United States v. Silk*,

331 U.S. 704 (1947),[1] determining whether each Plaintiffs' employment should be classified as an independent contractor or as an employee of the Defendant. (D.E. 200, Pages 10-12). Defendant asserts the difficulty presented to the jury in making this analysis as to each of the three remaining Plaintiffs will result in undue prejudice and therefore separate trials are necessary. (D.E. 200, Pages 10-14). Additionally, Defendant argues it will suffer prejudice if Plaintiffs' claims are tried together because it will require the jury to further analyze those Plaintiffs classified as employees under the appropriate FLSA exemption standards regarding each of their claims, separate to the independent contractor issue. (D.E. 200, Pages 12-14).

However, Defendant's FLSA exemption arguments are moot.[2] The Court found no genuine dispute that the three remaining Plaintiffs were not paid at least $455 per week to be considered on a "salary basis," which is the minimum amount required to establish Defendant's challenged defenses. (D.E. 207, Page 10 and D.E. 218, Pages 2-3). Further, shortly after the undersigned's M & R was written and adopted, the Fifth Circuit issued a decision in *Hewitt v. Helix Energy Sol. Grp., Inc.* holding that "an employee who is paid a daily rate is not paid on a 'salary basis' under 29 C.F.R. § 541.602(a)." 956 F.3d 341, 342

---

[1] The *Silk* factors are: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citations and quotations omitted).

[2] On May 26, 2020, United States District Judge Nelva Gonzales Ramos **OVERRULED** Defendant's objections to the undersigned's M & R and **GRANTED** Plaintiffs' Motion for Summary Judgment with regards to challenged defenses. (D.E. 207 and D.E. 218).

(5th Cir. 2020). Therefore, it is clear the exemptions do not apply to the three remaining Plaintiffs.

Further, even if Defendant's exemption arguments were not moot, separate trials under Rule 42(b) would create judicial inefficiency and public policy concerns for the Court.[3] *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (citation omitted). Separate trials would be a judicially inefficient use of the Court's docket management. Additionally, a jury analysis as to each of the three remaining Plaintiffs under the "economic realities" or *Silk* test to determine whether each Plaintiffs' employment classification is that of an independent contractor or as an employee of the Defendant is not an unreasonable task warranting separate trials. Therefore, the undersigned finds Defendant has not met its burden in showing this Court separate trials are necessary under Rule 42(b).

**B.      Defendant Fails To Show Any Claims Should Be Severed.**

Rule 21 establishes that, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Additionally, "the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance."

---

[3]If the Court granted separate trials, it would be placing an undue burden on the Court's docket, especially considering the global pandemic due to COVID-19. Separate trials would require three different jury selections and three trials, which would increase risk to the health of the public.

*Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Further, courts in the Southern District of Texas have consistently held "the party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary." *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) (citations omitted); *Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, No. C-10-142, 2010 WL 2787810, at *2 (S.D. Tex. July 14, 2010).

Under Rule 20, a plaintiff may assert any right to relief jointly so long as the plaintiff establishes (1) the action asserted arises out of the same transaction or occurrence and (2) questions of law or fact common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a). "Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20." *Applewhite*, 67 F.3d at 574. However, even if the elements of Rule 20(a) are satisfied, the district court has discretion to sever an action if it might otherwise cause delay or prejudice. *Applewhite*, 67 F.3d at 574.

Defendant argues the Court granting a Motion to Decertify the 39-plaintiff class on the grounds of not being "similarly situated" is evidence Plaintiffs' claims are misjoined under Rule 20(a). (D.E. 200, Pages 14-19). Defendant asserts the "similarly situated" standard for certification of a collective FLSA action is lesser than the standard for permissive joinder under Rule 20 and therefore Plaintiffs' claims must be severed. (D.E. 200, Pages 15-16). The undersigned disagrees. The Court found the differences in job titles and duties between the 39-plaintiff class weighed in favor of decertification. (D.E. 199, Page 5).  The Court reasoned a jury analysis of the 39-plaintiff class under the "economic

realities" or *Silk* test would vary individually based on each Plaintiffs' job category, duties, skill, level of authority, and Defendant's relative degree of control as to their employment. (D.E. 199, Pages 4-7).

However, while the Court found a jury analysis of the 39-plaintiff class weighed in favor of decertification, a jury analysis as to only the three remaining Plaintiffs is not an unreasonable task as to cause jury confusion or unfair prejudice warranting severance under Rule 21. All Plaintiffs claim Defendant employed them and failed to pay them overtime in violation of FLSA which presents a common question of fact and law. (D.E. 210, Pages 4-7). Further, all Plaintiffs' claims arise out of Defendant's practice patterns of classifying employees and the alleged misclassification of their employment. (D.E. 210, Pages 4-7, 14-16). Therefore, Plaintiffs' claims involve a common question of law or fact and have arisen out of the same "transaction or occurrence," satisfying both elements of permissive joinder under Rule 20(a). A single trial will be expedient and efficient as there are only three remaining Plaintiffs.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion for Separate Trials is **DENIED**. (D.E. 200).

ORDERED this 6th day of July, 2020.

Jason B. Libby
United States Magistrate Judge