Case 2:17-cv-00102   Document 227   Filed on 09/07/20 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAIME SANCHEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-102 |
| | § | |
| SCHLUMBERGER TECH. CORP., | § | |
| | § | |
| Defendant. | § | |

### ORDER ON DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE DECISION REGARDING REQUEST TO SEVER OR FOR SEPARATE TRIALS

Plaintiffs filed this action under the Fair Labor Standards Act (FLSA) to recover unpaid overtime compensation. D.E. 1. On March 4, 2020, after the Court decertified the case as a collective action (Decertification Order, D.E. 199), Defendant Schlumberger Technology Corporation filed its "Motion for Separate Trials, or Alternatively, to Sever" (D.E. 200), seeking separate trials against the three remaining Plaintiffs. On July 6, 2020, Magistrate Judge Jason B. Libby issued his "Memorandum Opinion Denying Defendant's Motion to Sever" (Memorandum Opinion, D.E. 222), denying both separate trials and severance.

On July 20, 2020, Schlumberger filed objections to the Memorandum Opinion, addressing only the decision to deny severance. D.E. 223. Plaintiffs have responded to the objections and Schlumberger has replied. D.E. 224, 226. For the reasons set out below, the Court OVERRULES Schlumberger's objections.

## ISSUES, STANDARD OF REVIEW, AND BURDEN OF PROOF

Issues of joinder and severance present questions committed to the sound discretion of the Court.

> In general, questions of severance are addressed to the broad discretion of the district court. Thus, a court may sever an unrelated claim and give it separate treatment when doing so would be in the interest of some or all of the parties. On the other hand, severance will be refused if the court believes that it only will result in delay, inconvenience, or added expense.

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 7 Federal Practice & Procedure § 1689 (3d ed.) (footnotes omitted). The Fifth Circuit has consistently applied an abuse of discretion standard to such decisions, so long as there are no due process or jurisdictional complications. *E.g., EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 341 (5th Cir. 1982); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (applying abuse of discretion standard to decisions under Rules 20, 21, and 42); *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973) (referring to court's "wide discretion"). No such jurisdictional or due process complications are presented here.

The Memorandum Opinion addresses the standards for severance under Federal Rule of Civil Procedure 21. Those standards, as the parties agree, are provided by Rule 20. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam). Under Rule 20, plaintiffs may assert any right to relief jointly so long as (1) the actions asserted arise out of the same transaction, occurrence, or series of transactions or

occurrences ("same transaction"), and (2) any question of law or fact common to all plaintiffs will arise in the action ("common issue"). *See* Fed. R. Civ. P. 20(a).[1]

In the context of a motion to sever, a defendant bears the burden to show that the plaintiffs' claims do not meet the requirements of Rule 20(a) and that severance is required under the circumstances. *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011); *Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, No. C-10-142, 2010 WL 2787810, at *2 (S.D. Tex. July 14, 2010). This is a high burden. In analyzing a motion under Rule 20(a), the Supreme Court emphasized that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The Memorandum Opinion held that Defendant Schlumberger did not satisfy its burden on these issues. D.E. 222, p. 3.

Defendant's burden on appeal is to demonstrate that the Magistrate Judge abused his discretion by issuing fact findings that are clearly erroneous or that he erred with respect to a question of law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 898 (S.D. Tex. 2015) (noting that magistrate judges have wide discretion to rule on non-dispositive matters). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the

---

[1] In the event that these requirements are met, the court still has the discretion to order severance to avoid delay or prejudice. *Applewhite v. Reichhold Chems.*, Inc., 67 F.3d 571, 574 (5th Cir. 1995). Defendant has not challenged the Memorandum Opinion insofar as it declines to order a discretionary severance on these bases.

entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

### A. Common Issue

Taking the Rule 20 requirements in reverse order, the Court first considers the Memorandum Opinion's conclusion that "All Plaintiffs claim Defendant employed them and failed to pay them overtime in violation of FLSA which presents a common question of fact and law." D.E. 222, p. 7.  Schlumberger appears to have conceded this issue. Its two-part briefing addresses only (1) the analysis for addressing the "same transaction" prong and (2) that Plaintiffs' claims do not satisfy that prong.  There is no direct challenge to the "common issue" prong.

However, in addressing the "same transaction" analysis, Schlumberger states, "this court has already determined that Plaintiffs have failed to identify common issues of fact and law such that a ***collective action*** is appropriate." D.E. 223, p. 3 (emphasis added). But then it states, "As the Magistrate Judge noted, the jury would have to consider the three remaining Plaintiffs under the economic realities or *Silk* test to determine if they were independent contractors or employees in order to determine if Plaintiffs are entitled to their claimed overtime." *Id.*, p. 5 (referring to *United States v. Silk,* 331 U.S. 704 (1947)).  Schlumberger has thus acknowledged common issues among Plaintiffs.  In summing up its appeal, Schlumberger only refers to the "same transaction" issue. *Id.*, p. 6.

Plaintiffs reiterate the Memorandum Opinion's conclusion on common issue without further analysis. And in reply, Schlumberger states, "Plaintiffs may argue that this meets the common question of fact or law portion of the Rule 20 test but that alone is insufficient." D.E. 226, p. 1. This confirms the concession. The Court finds that Schlumberger does not contest the Memorandum Opinion's conclusion that the "common issues" prong of Rule 20(a) is met. It has not satisfied its burden to defeat that holding.

### B. Same Transaction

In determining whether the claims involve the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20(a), courts apply a "some connection" or "logical relationship" analysis. *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004); *see generally*, *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) (defining "transaction" as a flexible term describing multiple actions "depending not so much upon the immediateness of their connection as upon their logical relationship;" events need not be "precisely identical"). Another way to look at the issue of "same transaction" is whether there is a "likelihood of overlapping proof and duplication in testimony." *Tex. Instruments Inc. v. Citigroup Global Mkts., Inc.*, 266 F.R.D. 143, 152 (N.D. Tex. 2010) (citing *In re Silica Prods. Litig.*, 398 F. Supp. 2d 563, 650 (S.D. Tex. 2005) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1653)).

On this issue, the Memorandum Opinion concludes, "[A]ll Plaintiffs' claims arise out of Defendant's practice patterns of classifying employees and the alleged misclassification of their employment." D.E. 222, p. 7. In its challenge, Schlumberger

does not purport to demonstrate that there is no logical relationship, connection, or overlapping evidence with respect to Plaintiffs' claims. Instead, it makes two arguments: (1) the decertification order is dispositive of the same transaction issue and separate prosecutions are required; and (2) plaintiffs have engaged in egregious misjoinder. The Court rejects both arguments.

### 1. Decertification as Dispositive

The Plaintiffs' claims here are not identical. There are individual variances regarding each Plaintiffs' job category, duties, skill, level of authority, and Schlumberger's relative degree of control. D.E. 223, p. 2. But as stated above, precisely identical claims are not required for joinder. While the claims may have these differences, they still have the logical relationship of Plaintiffs doing the work of a single Defendant under an alleged company-wide practice of misclassifying employees such that they are denied overtime compensation to which they are entitled under law.

Schlumberger's observation that the evidence is closed—making this case far more developed than those that address only the allegations—is not helpful. It has not cited to any evidence that conclusively defeats Plaintiffs' argument that they each suffered from the same pattern of company practice. And while their claims may involve the testimony of different supervisors, nothing in the record of this case eliminates the likelihood of overlapping testimony from Schlumberger's corporate representative and other related evidence, as Plaintiffs expect to offer. *See* D.E. 224, p. 5.

Schlumberger invokes the rulings in the Decertification Order (D.E. 199), making the following representations regarding their content:

- "Here, in decertifying class, the Court has already determined that there is no common practice and that individual issues predominate." D.E. 226, p. 4.
- "Here in *Sanchez*, the Court's decertification order made specific findings as to the lack of common issues and that individual issues predominate." *Id.*, p. 6.
- "The Court conclusively found in decertifying this action that there was no common practice." *Id.*, p. 7.

The term "common" does not appear in this Court's Decertification Order (D.E. 199). And this Court did not refer to the terms "same," "transaction," or "occurrence" in discussing Plaintiffs' respective claims in this case as would be required to make the decertification decision dispositive of the severance decision. Contrary to Schlumberger's representations, the Memorandum and Recommendation that the Court adopted states, "For the reasons stated above, each Plaintiff's claim will require significant individual analysis ***even though there are some common issues of law and fact present in this case***." D.E. 190, p. 15 (emphasis added). And when the "same transaction" issue was raised for the first time by way of the motion for severance, the Magistrate Judge found that Schlumberger's alleged classification and pay practices that were applied to all three Plaintiffs satisfied that inquiry. D.E. 222, p. 7. In short, the fact that individual issues were found to predominate over the common issues in the context of certification of a collective action does not mean that there were no common issues or that the claims did not arise from the same transaction.

The parties also discuss the opinion in *Acevedo*, 600 F.3d at 516. There, a collective action of 800 employees across 300 stores was decertified. In response, all 800 plaintiffs filed their individual claims jointly against the defendant. The trial court held that such an action was unwieldy and that, instead, plaintiffs could join separate actions on a store-by-store basis. The trial court then dismissed all but one plaintiff.

Schlumberger invokes this case as demonstrating that, after decertifying a collective action, it is proper to require individual prosecutions and dismiss all other plaintiffs. Although the Fifth Circuit embraced the trial court's wide discretion regarding logistical issues, it reversed the dismissal of those plaintiffs who had worked at the same store as the single plaintiff who survived dismissal so that the trial court could reconsider its dismissals, keeping in mind its own observation that joinder on a store-by-store basis would be appropriate.

*Acevedo* confirms the trial court's broad discretion to decertify a collective action while allowing a manageable number of plaintiffs to join their claims in a single action. While the parties discuss other cases, none appear to remove the trial court's discretion and require individual prosecutions after decertification. Here, joinder of the three Plaintiffs is manageable and it was within the Magistrate Judge's discretion to deny severance.

### 2. Egregious Misjoinder

Relying on *Texas Instruments,* 266 F.R.D. at 151, Schlumberger argues that this case represents "egregious misjoinder" because multiple Plaintiffs are suing a single Defendant. *Texas Instruments* applied a fraudulent misjoinder theory to whether remand

was required for a case that had been removed on the basis of diversity jurisdiction. The case thus involved a jurisdictional complication not present here. The court described egregious misjoinder as bringing "wholly distinct" claims with no real connection to the controversy such that joinder borders on a sham. *Id*. at 147.

The example of egregious misjoinder on which Schlumberger relies is stated in *Texas Instruments* as "numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element other than the presence of the common defendant." *Id*. at 149. The case on which that example is drawn involved allegations of fraud. The claims of non-diverse plaintiffs "had 'occurred in complete factual, temporal and geographic isolation from the claims of the' diverse plaintiffs" such that the case did not arise out of the same series of transactions and could be said to have been joined solely for the purpose of destroying federal jurisdiction. *Id*. at 150.

This case does not present that scenario. Each Plaintiff's claim triggers this Court's federal question jurisdiction. So there is no jurisdictional issue that joinder of Plaintiffs can be said to manipulate. And the claims are addressed to pay practices alleged to be a common practice exercised by Schlumberger against all three Plaintiffs. There is, therefore, a likelihood of overlapping proof and duplication in testimony that supports a finding of "same transaction, occurrence, or series of transactions and occurrences" satisfying the test as recognized by *Texas Instruments*. *Id*. at 152. Because Plaintiffs' claims share some factual elements, egregious misjoinder does not apply.

## CONCLUSION

For the reasons set out above, the Court OVERRULES Schlumberger's objections D.E. 223.

ORDERED this 7th day of September, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE